# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ANDREA JOHNSON, | ) |  |
| --- | --- | --- |
| Plaintiff, | ) |  |
| vs. | ) | Case No. CIV-14-1101-M |
| STATE FARM FIRE AND CASUALTY COMPANY and MIKE BOURLAND | ) |  |
| Defendants. | ) |  |

## ORDER

Before the Court is plaintiff's Motion to Remand, filed November 07, 2014. On December 01, 2014, defendant State Farm and Casualty Company ("State Farm") filed its response, and on December 05, 2014, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

On May 20, 2013, a tornado struck Moore, Oklahoma, and surrounding areas. The tornado damaged plaintiff's home. Upon filing a claim with her home insurance carrier, State Farm, a dispute arose between the parties regarding her insurance policy. Subsequently, plaintiff filed this instant lawsuit in state court asserting claims against State Farm and insurance agent Michael Bourland ("Bourland"). Pertinent to the motion to remand, plaintiff asserted causes of action against Bourland for negligence, negligence in the procurement of insurance, and constructive fraud and negligent misrepresentation.

On October 8, 2014, State Farm removed the case to this Court based on diversity jurisdiction. Plaintiff has now filed the instant motion to remand asserting State Farm's removal is improper.

II.  Discussion

Removal statutes are strictly construed and all doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Additionally, as the party invoking this Court's jurisdiction in this case, State Farm "bear[s] the burden of establishing that the requirements for the exercise of diversity jurisdiction are present." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Where a party is fraudulently added as a party, "[t]he burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished op.). In conducting its analysis, the district court is not to "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (citation omitted). However, the Court "may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished op.) (quoting *Smoot*, 378 F.2d at 881-82).

In the case at bar, plaintiff asserts several negligence based claims against Bourland. Generally, under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss."

*Swickey v. Silvey Co.*, 979 P.2d 266, 269 (Okla. Civ. App. 2009) (citations omitted). Plaintiff asserts that State Farm's removal based on fraudulent joinder of a non-diverse defendant fails because plaintiff has sufficiently alleged viable claims against Bourland. Specifically, among other assertions, plaintiff asserts that Bourland failed to procure her specific request for replacement cost coverage insurance as he promised, failed to verify the information provided by plaintiff, incorrectly stated plaintiff's home square footage, never visited plaintiff's home to confirm the proper square footage, negligently disregarded State Farm's guidelines and submitted an application for insurance with incorrect square footage, and other allegations of negligent acts. Plaintiff further contends that Bourland repeatedly assured plaintiff at the time she acquired the insurance that the policy limit he set for her in the policy provided her complete replacement coverage for her home.

Having carefully reviewed plaintiff's allegations and the parties' submissions, the Court finds that State Farm has failed to meet its heavy burden of establishing a fraudulent joinder of a non-diverse defendant. While the Court takes no position on the merits of plaintiff's claims, construing all disputes of facts and resolving any ambiguity in law in plaintiff's favor, the Court finds that State Farm has failed to meet its heavy burden of establishing that plaintiff's claims are so insubstantial and frivolous that they may be disregarded for purposes of diversity jurisdiction. As the Tenth Circuit instructed "'[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.'" *Brazell*, 525 F. App'x at 881 (quoting *Batoff v. State Farm*

*Ins. Co.,* 977 F.2d 848, 853 (3d Cir.1992)). Accordingly, the Court finds that complete diversity in this case is not present and, thus, the Court lacks subject matter jurisdiction over this case.[1]

III. Conclusion

For reasons set forth above, the Court GRANTS plaintiff's Motion to Remand [docket no. 10] and REMANDS this action to the District Court of Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED this 9th day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] State Farm also asserts that plaintiff has waived any procedural objections to State Farm's removal because plaintiff has taken an affirmative action in federal court after removal. However, having found that plaintiff has prevailed on her non procedural defect argument, as noted above, the Court need not address State Farm's procedural waiver assertion.